BAY STATE HARNESS HORSE RACING AND BREEDING AS-
SOCIATION, INC. *vs.* DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY.

Suffolk.   December 6, 1950. — April 5, 1951.

Present: QUA, C.J., RONAN, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Employment Security*, Employment; Procedure: review by board of review. *Agency*, What constitutes. *Corporation*, Officers and agents.

The artificial force created by § 2 of the employment security law, G. L. (Ter. Ed.) c. 151A, as appearing in St. 1941, c. 685, § 1, ceases to operate upon a review under § 12 by the board of review in the division of employment security of a decision by the director of the division that an individual was an employee within that law.

A clerk whom a Massachusetts business corporation had pursuant to G. L. (Ter. Ed.) c. 156, §§ 21, 22, who was an attorney at law in general practice, who received no compensation from the corporation, who could resign his office at any time, and who was not shown to be required to perform any services other than those prescribed by statute, so that he was not subject to any control or direction, was not under employment by the corporation as defined in § 1 (k) of the employment security law, G. L. (Ter. Ed.) c. 151A, as appearing in St. 1941, c. 685, § 1.

PETITION, filed in the Municipal Court of the City of Boston on January 24, 1950, for review of a decision made by the board of review in the division of employment security upon a review of a determination of the director

under § 12 of the employment security law, G. L. (Ter. Ed.) c. 151A, as appearing in St. 1941, c. 685, § 1.

The case was heard by *Adlow,* J.

*F. E. Kelly,* Attorney General, *E. J. Nantoski,* Assistant Attorney General, *& J. A. Brennan,* for the respondent, submitted a brief.

*C. M. Goldman,* (*J. S. Slater, T. J. Colbert, & D. H. Gordon* with him,) for the petitioner.

COUNIHAN, J.    This is an appeal from a decision of a judge of the Municipal Court of the City of Boston reversing and vacating a decision of the board of review that the petitioner was an employer subject to the provisions of the employment security law.   G. L. (Ter. Ed.) c. 151A, as appearing in St. 1941, c. 685, § 1, as amended.   Proceedings in a District Court and appeal from that court directly to this court are under c. 151A, § 42, as appearing in St. 1943, c. 534, § 6, as amended by St. 1947, c. 434, part of which reads, "In any proceeding under this section the findings of the board of review as to the facts, if supported by any evidence, shall be conclusive, and the court shall render a decision or decree in accordance with such findings."   *Wagstaff* v. *Director of the Division of Employment Security,* 322 Mass. 664, 665.   But questions of law are reviewable in the District Court and here.   *Pacific Mills* v. *Director of the Division of Employment Security,* 322 Mass. 345, 346.

Chapter 151A, § 8 (a), provides that an employer shall be subject to the provisions of the statute if he had one individual employed in employment under this statute on some day in each of twenty weeks in the year 1942 or in any subsequent year.   By St. 1950, c. 535, not here applicable, this was changed to thirteen weeks.

The only issue before us is whether as matter of law a statutory clerk of a Massachusetts business corporation who receives no compensation and is not in the ordinary sense an employee of the corporation makes that corporation subject to the employment security law.   In other words, is such statutory clerk an employee within the definition in c. 151A, § 1 (h)?

The director found that he was and the board of review affirmed his finding. On review by the Municipal Court of the City of Boston, the judge vacated the decision of the board of review. There was an appeal and report to this court. G. L. (Ter. Ed.) c. 151A, § 42, as appearing in St. 1943, c. 534, § 6, as amended by St. 1947, c. 434. *Lasell* v. *Director of the Division of Employment Security*, 325 Mass. 23. *Scola* v. *Director of the Division of Employment Security*, 326 Mass. 180.[1]

The director relies to a large extent on § 2 of c. 151A, which provides that service performed by an individual shall be deemed to be employment unless and until it is shown to the satisfaction of the director that such individual has been and will continue to be free from control or direction by another with respect to the performance of such service both under his contract of service and in fact. Because of § 2, he asserts that the burden of proof is on the employer to convince the director to his satisfaction that it had no employee for the minimum period and that failure to sustain this burden makes the decision of the director final and conclusive for all purposes of c. 151A.

This contention, however, has been effectually disposed of by what was recently said in *Maniscalco* v. *Director of the Division of Employment Security*, *ante*, 211, 213: "Accordingly, while the director is entitled to rely on the artificial force created by § 2 on proof of 'Service performed by an individual' in making his determination, that ceases to be operative when the case reaches the board of review. Otherwise the review would be illusory because there would be virtually nothing to review."

We are of opinion that the test here is whether or not a statutory clerk of a Massachusetts business corporation has been and will continue to be free from control or direction by another with respect to the performance of his service

---

[1] For rules adopted pursuant to G. L. (Ter. Ed.) c. 151A, § 42, as appearing in St. 1943, c. 534, § 6, as amended by St. 1947, c. 434, by the Municipal Court of the City of Boston and the District Courts of the Commonwealth effective October 1, 1947, see footnote *Lasell* v. *Director of the Division of Employment Security*, 325 Mass. 23, 24-25.

as such clerk. The general principle has been established by what was said in *Griswold* v. *Director of the Division of Employment Security*, 315 Mass. 371, at pages 372–373: "The obligation of an employer under our law to make . . . contributions to the unemployment fund is based upon the relation of employer and employee; and where, as here, there is nothing in our law indicating anything to the contrary, the existence of such a relationship must be determined by the principles of the common law. One of the essential tests is whether the person who is performing services for another is under the control and supervision of the latter and is bound to obey his instructions, not only as to the result to be accomplished but also as to the means and methods that are to be utilized in the performance of the work." And § 2 of c. 151A impliedly recognizes the same test.

Applying this test, we are of opinion that the decision of the board of review, that this statutory clerk was an employee of the petitioner, was error as matter of law. The record discloses no finding by the director or the board of review that any control or direction was exercised by anyone over the performance of the duties of the clerk. In his report the judge finds that the director determined the petitioner to be subject to contribution under c. 151A because it had a statutory clerk as required by Massachusetts law, who was an attorney at law in general practice, who received no compensation as clerk, and who was not subject to the supervision and control of the petitioner. In his report the judge makes similar findings of his own.

The respondent relies substantially upon *Deecy Products Co.* v. *Welch*, 124 Fed. (2d) 592. In that case the court agreed with the general principle that one who receives no compensation and is subject to no control or direction could not be held to be an employee. Because, however, of the peculiar facts found there to the effect that under the by-laws of the corporation there involved the clerk was subject to the board of directors who could order him to perform such other duties as the board might prescribe,

the court held the clerk to be an employee. The record discloses no such situation here. In *Davie* v. *J. C. Mandelson Co.* 90 N. H. 545, in construing an employment security statute similar to ours, in a per curiam opinion, it was held that a president of a business corporation whose duties were to preside at all meetings of the corporation and with the treasurer sign all stock certificates, for which she received no compensation, was not an employee under the statute.

In the case at bar the clerk was elected by the stockholders annually. G. L. (Ter. Ed.) c. 156, § 22. His sole duties under the statute were to record all votes of the corporation in a book to be kept therefor as prescribed by statute. G. L. (Ter. Ed.) c. 156, § 21. In the absence of evidence of any by-law of the corporation to the contrary, he was required to perform no service other than that prescribed by statute so that he was free from control and direction by anyone. He was not under contract for he could resign his office at any time and he received no wages. He was not under employment by the petitioner as defined in c. 151A, § 1 (k).

*Decision of Municipal Court affirmed.*