Gants, J.
The plaintiffs, Robert Charles, Jeffrey Hicks, Walter Lane, Norman Scafidi, and Thomas Sheahan, on behalf of themselves and all others similarly situated (the “Plaintiffs”), have brought this action against three corporations for whom they were employed, along with each of these corporation’s presidents and treasurers: Roads Corporation, John F. Sarao, Jr. and Richard A. DeFelice (“Roads”); LMX Ltd., John F. Sarao, Jr. and Richard A. DeFelice (“LMX”); and Roads Paving, Inc., John Keating and Alan Monaghan (“RPI”). They allege, on a number of grounds, that the defendants have shortchanged them on the wages and benefits they were due as employees of the defendants on public works construction projects.
Plaintiffs have moved for partial summary judgment on Counts I, III, IV, V, XI, XIII, XIV and XV of the complaint. The Roads defendants have filed a cross-motion for partial summary judgment as to Counts I, III, IV, and V. The RPI defendants have filed a cross-motion for partial summary judgment as to Counts XI, XIII, XIV and XV of plaintiffs’ complaint. These counts allege that Roads and RPI:
- violated the prevailing wage law, G.L.c. 149, §27, by failing to pay the benefits portion of the prevail *53 ing wage rate for each overtime hour worked (Counts I and XI);
- violated the prevailing wage law, G.L.c. 149, §27, by deducting an amount from the wage rate paid for holiday pay for each hour worked (Counts III and XIII);
- violated the weekly payment of wage law, G.L.c. 149, §148, by failing to pay weekly or bi-weekly wages when they did not pay the full amount of the prevailing wage rate due for each hour worked (Counts IV and XIV); and
- violated the overtime law, G.L.c. 151, §1A, by failing to pay wages at the rate of one and one half times the prevailing wage rate for each overtime hour worked (Counts V and XV).[1]
For the reasons stated below, plaintiffs’ motion for partial summary judgment is DENIED and defendants’ cross-motions for partial summary judgment are ALLOWED.
BACKGROUND
Roads and RPI are non-union construction companies that paid their employees a cash wage and a separate benefits contribution for each hour worked. The benefits contribution may be applied by the employee toward health and disability insurance, a retirement plan, a supplemental unemployment benefits plan, and paid holidays.
Both Roads and RPI were contractors on public works projects for the Commonwealth of Massachusetts, and were required on these jobs to pay the prevailing wage rate as determined by the Commissioner of the Department of Labor and Workforce Development (“Commissioner”). G.L.c. 149, §§27 and 27. The prevailing wage rate includes both hourly cash wages and payments by employers to health and welfare plans, pension plans, and supplementary unemployment benefit plans. Id. There is no dispute that the total hourly cash wages and benefits paid by Roads and RPI to the plaintiffs for the first forty hours per week they worked met or exceeded the prevailing wage rate set by the Commissioner. For each hour worked beyond forty hours, Roads and RPI paid their employees “time and a half’ (150 percent) of the normal hourly cash wage only; they did not pay any benefits for overtime work. Nevertheless, the total of the normal hourly cash wage plus the 50 percent overtime premium exceeded the prevailing wage rate. Plaintiffs claim that defendants violated the prevailing wage law by not paying a benefits contribution during overtime hours; they contend that the prevailing wage law compels the defendants to pay them 150 percent of their hourly cash wage plus their benefits for all overtime hours.
As a Massachusetts employer, both Roads and RPI were obligated under G.L.c. 151, §1A to pay its employees “at a rate not less than one and one half times the regular rate” for hours in excess of forty during the work week. G.L.c. 151, §1A. The plaintiffs claim that Roads and RPI violated this overtime law by only paying time and a half on the non-benefit portion of the wage rate for overtime hours.[2]
Finally, plaintiffs claim that defendants wrongfully included an amount designated for holiday pay as a part of the benefit component of the prevailing wage rate.
Upon becoming aware of plaintiffs’ allegations against them, Roads and RPI conducted “self audits” of their benefits plans and decided in January 1998 to credit persons who worked more than forty hours per week on the site of public works projects during 1995, 1996, and 1997 with the applicable weekly benefit for their job classification. This money was deposited into the pension fund and each person was credited with compound interest based upon the fund’s performance in 1995, 1996, and 1997. OnFebruary6, 1998, Roads and RPI contacted plaintiffs Charles, Hicks, Lane, Scafidi and Sheahan and informed them that their pension accounts had been credited. Defendants claim that these actions go above and beyond the requirements of state law and are consistent with the federal Davis-Bacon Act, 40 USC §276a, et seq. As such, defendants argue that plaintiffs’ claims, even if valid, are now moot.
DISCUSSION
To prevail on summary judgment, the moving party must establish that there is no genuine issue of material fact on every element of a claim and that it is entitled to judgment on that claim as a matter of law. See generally, Mass.R.Civ.P. 56(c); Highlands Insurance Co., v. Aerovox, Inc., 424 Mass. 226, 232 (1997). Where, as here, the party opposing summary judgment has the burden of proof at trial, the moving party is entitled to summary judgment if it “demonstrates, by reference to material described in Mass.R.Civ.P. 56(c), unmet by countervailing materials, that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “To be successful, a moving party need not submit affirmative evidence to negate one or more elements of the other party’s claim.” Id. It is sufficient to demonstrate that “proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
Prevailing Wage Law
The Massachusetts prevailing wage law, G.L.c. 149, §26 provides in relevant part:
The rate per hour of the wages paid to said mechanics and apprentices, teamsters, chauffeurs and laborers in the construction of public works shall not be less than the rate or rates of wages to be determined by the commissioner as hereinafter provided; . . . Payments by employers to health and *54 welfare plans, pension plans and supplementary unemployment benefit plans under collective bargaining agreements or understandings between organized labor and employers shall be included for the purpose of establishing minimum wage rates as herein provided.
This provision establishes a minimum wage to be paid by contractors on state public works projects. In contrast with its federal counterpart, the Davis-Bacon Act, 40 U.S.C. §276a, it does not provide for an overtime premium or incorporate by reference the overtime provisions of G.L.c. 151, §1A or any other statute. Compare G.L.c. 149, §26 with 40 U.S.C. §276a.[3]
As a result, the plaintiffs do not (and realistically cannot) contend that the Massachusetts prevailing wage law incorporates the overtime provisions of G.L.c. 151, §1A or any other statute. Rather, they claim that the 50 percent overtime premium required under G.L.c. 151, §1A for hours beyond the 40-hour work week is not among the types of compensation that, under G.L.c. 149, §§26 and 27, maybe included as “wages” in determining whether an employer is paying the prevailing wage rate. This Court agrees that the overtime premium is not within the categories of “payments by employers to health and welfare plans, pension plans and supplementary unemployment benefit plans.” The more difficult question is whether the overtime premium is simply part of an employee’s hourly wage, which plainly is included in calculating the prevailing wage rate. This Court finds that it is.
The so-called 50 percent overtime premium is not a separate category of benefits; it is simply a calculation of additional hourly wages that an employee is entitled to under the overtime law for work beyond the 40-hour work week. Regardless of how an employer may break down the hourly wage into a variety of components, such as an overtime premium, a risk premium, or a skill premium, the result is cash that is paid directly to the worker in his weekly paycheck. Cash paid to an employee based on the hours he worked, regardless of its characterization, is an hourly wage that, if above the prevailing wage rate, satisfies the contractor’s obligation under the prevailing wage law. Consequently, as long as Roads and RPI paid its employees a wage equal to or greater than the prevailing wage rate for every hour they worked, there can be no violation of the prevailing wage law. This interpretation conforms with that of both the Massachusetts Highway Department and the Massachusetts Attorney General, who apply and enforce the prevailing wage law. The Attorney General’s Office advisory to contractors declares:
The Prevailing Wage Rate for public works is established by collective bargaining agreements in private industry for the job classification and the town where the public works are to be performed. The Prevailing Wage Rate generally includes the following:
Hourly Wage + Health & Welfare + Pension + Supplementary Unemployment = Prevailing Wage Rate.
Overtime at the rate of time and one half the regular Hourly Wage Rate (as defined above) is due after an individual works over 40 hours in one week.
Similarly, the Massachusetts Highway Department’s advisory to contractors provides:
The Prevailing Wage Rate generally includes the following: Minimum Hourly Wage + Employer Contributions to Benefits Plans = Prevailing Wage Rate or Total Rate
Overtime at the rate of time and one half the regular Minimum Hourly Wage rate (as defined above) is due after an employee works over 40 hours in one week.
Neither of these separate advisories tell contractors that overtime must include employer contributions to benefit plans, plus time and a half of the minimum hourly wage, as the plaintiffs contend is their entitlement under the prevailing wage law.
Since there is no dispute that the defendants have at all times met their obligation to pay at least the prevailing wage rate for each hour worked, summary judgment must be granted in favor of the defendants on all claims relating to the prevailing wage law.
B. Overtime Law
A separate statutory interpretation is needed to resolve plaintiffs’ claims that defendants violated the overtime law when it paid time and a half of the hourly cash wage rate for overtime hours worked, but did not pay the normal benefits contributions for these overtime hours. G.L.c. 151, §1A provides:
Except as otherwise provided in this section, no employer in the commonwealth shall employ any of his employees in an occupation . .. for a work week longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one half times the regular rate at which he is employed.
The heart of the issue here is the definition of “the regular rate.”
No party has cited any Massachusetts case that has defined “the regular rate” under this statute. As noted above, both the Massachusetts Attorney General and the Massachusetts Highway Department through their advisories to contractors have effectively defined “the regular rate” as the Hourly Wage, that is, the cash wage paid directly to the employee. This Court sees no sound reason to depart from this understanding of that term.
The plaintiffs appear to contend that the “regular rate” should be interpreted as the prevailing wage rate when applied to the employees of contractors on state *55 public works projects.[4] However, this interpretation, if adopted, would present formidable problems. Since the prevailing wage rate expressly includes both hourly cash wages and employer contributions to benefit plans, this interpretation of G.L.c. 151, §1A would obligate employers to pay time and a half on both the hourly cash wage rate and the normal benefits contributions. Since the overtime statute is not limited in its reach to public works projects but applies, with limited exceptions, to all employees in the Commonwealth, this would mean either that (a) nearly all employees in the Commonwealth are entitled to time and a half on benefits contributions when they work overtime or (b) that only employees on public works projects are entitled to time and a half on benefits contributions when they work overtime. If the former interpretation were to prevail, this would generate considerable confusion, both because it deviates from the Attorney General’s own understanding of the provisions of a law he is obliged to enforce and because not every employee receives a fixed employer benefit contribution for every hour worked. Many are entitled to full or partial benefits once they work a certain threshold number of hours. If the Legislature intended to include benefits as part of the “regular rate,” it would likely have addressed the formidable interpretative problems that such an inclusion foreseeably would create.
If the latter interpretation were to prevail, this would mean that employees on public works projects would be significantly better paid for overtime than everyone else. While the Legislature certainly could give special treatment to employees on public works projects, as it has done in passing the prevailing wage law, it would be extraordinary for this special treatment to be granted in the overtime statute, which makes no mention of public works employees. Rather, one would think that any such special treatment would be part of the prevailing wage law but, as earlier discussed, this statute is silent as to overtime.
The more reasonable interpretation is that adopted by the Attorney General: “the regular rate” includes only hourly cash wages, not employer contributions to benefit plans. This allows every employee to be treated the same under the overtime law, regardless of whether or not the employee is working on a public works project. This Court is mindful that this interpretation penalizes employers who choose to pay their employees more in cash wages and less in benefit contributions, but it is hardly surprising that the Legislature would wish to provide an incentive for employers to shift employee compensation towards benefits contributions, given that these benefits generally assist employees in coping financially with poor health, old age, disability, and unemployment.
Since there is no dispute that the defendants Roads and RPI paid the plaintiffs time and a half on their hourly cash wages, summary judgment in favor of the defendants must be granted on the overtime claims.
C. Weekly Payment of Wages
Plaintiffs claim that since defendants allegedly violated the prevailing wage law and the overtime law, then they must have also violated the Massachusetts weekly payment of wage law, G.L.c. 149, §148, which provides:
Every person having employees in his service shall pay bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week, or to within seven days of the termination of the pay period during which the wages were earned if such employee is employed seven days in a calendar week . . .
Since this Court has found that the defendants did not violate either the prevailing wage law or the overtime law, and it is not disputed that they otherwise paid their employees in a timely manner, summary judgment must also be granted in favor of the defendants on this claim
D. Holiday Pay
The plaintiffs’ final claim is that the defendants violated the prevailing wage law by counting the amount allocated to holiday pay as part of their prevailing wage rate. As stated earlier, the prevailing wage law provides, “Payments by employers to health and welfare plans, pension plans and supplementary unemployment benefit plans . . . shall be included for the purpose of establishing minimum wage rates.” G.L.c. 149, §26. The plaintiffs contend that holiday pay does not fall into any of these categories and therefore cannot be included for the purpose of establishing the prevailing wage rate. The flaw in plaintiffs’ argument is that they fail to acknowledge that these categories are general in nature, rather than specific and limiting. The prevailing wage statute does not define the scope of “health,” “welfare,” “pension” or “supplementary unemployment benefit” plans. Rather it simply names these as broad categories of fringe benefits that shall be included in determining the prevailing wage rate. There is no good reason why holiday benefits may not be included within the category of a “welfare” plan. Indeed, G.L.c. 149, §181, which makes it a crime for an employer to fail to make payments promised under a collective bargaining agreement “to a health or welfare fund or pension fund or other such plan for the benefit of employees,” specifically includes “insurance to provide any of the foregoing vacation or holiday benefits” among the benefits protected by this statute.
Additionally, plaintiffs have failed even to allege, much less offer any proof, that the defendants would have been in violation of the prevailing wage law if the amount they paid as holiday pay were deducted from *56 the amount that was attributed towards the prevailing wage rate.
Since holiday pay was properly characterized as part of the defendants’ welfare plan and was therefore properly included in calculating the prevailing wage rate, and since there is no evidence that the defendants would have been in violation of the prevailing wage law had holiday pay been excluded from this calculation, summary judgment on these claims is allowed in favor of the defendants.[5]
ORDER
For the reasons stated above, this Court ORDERS that:
1. Plaintiffs motion for partial summary judgment is DENIED-,
2. Defendants’ motions for partial summary judgment are ALLOWED;
3. As plaintiffs’ claims against defendant LMX Ltd. and its officers, John F. Sarao, Jr. and Richard A. DeFelice (Counts VI, VTII, IX, and X) are identical to those addressed in this decision, partial summary judgment on behalf of these defendants is also ALLOWED; and
4. The only claims that survive are those regarding whether the defendants violated the prevailing wage law by failing to pay the benefits portion of the prevailing wage rate for each hour in excess of 900 worked on an annual basis (Counts II, VII, and XII).

Plaintiffs have not moved for summary judgment on any of the counts against LMX (Counts VI, VII, IX, and X) because they acknowledge a genuine issue of material fact as to whether LMX, as an inactive shell corporation, has taken part in any of the conduct giving rise to this action. Nor have they moved for summary judgment on the counts against Roads or RPI for violating the prevailing wage law by failing to pay the benefits portion of the prevailing wage rate for each hour in excess of 900 worked on an annual basis (Counts II and XII). Plaintiffs concede that there is a genuine issue of material fact as to whether the defendants have placed an unlawful cap on the number of hours for which the defendants paid benefit contributions.

As a result of the alleged violations of the prevailing wage law and the overtime law, plaintiffs claim that the defendants did not pay them their full wages on a weekly or bi-weekly basis as required by G.L.c. 149, §148.

The Davis-Bacon Act provides the formula by which overtime pay is to be determined where there is an entitlement to overtime “under any Federal law.” 40 U.S.C. §276a(b). The state prevailing wage law makes no mention of overtime.

I state that this appears to be the plaintiffs’ position because, while they contend that the “regular rate" should be defined as the prevailing wage rate, they appear to seek overtime payment only for the regular benefits contribution plus time and a half of hourly cash wages. They do not appear to seek time and a half of the regular benefits contribution, although this would be the logical consequence of defining “the regular rate” as the prevailing wage rate.

Since this Court finds that holiday pay may properly be considered a welfare plan, it need not decide the defendants' argument that a contrary finding would be in violation of ERISA. I note only that the Supreme Judicial Court has recently held that the prevailing wage law is not preempted by ERISA.
Because the prevailing wage law does not conflict with or impede the operation of ERISA plans, and has minimal, if any, effect on ERISA plans, the prevailing wage law does not relate to ERISA plans within the meaning of 29 U.S.C. §1144(a).
Felix A. Marino Co., Inc. v. Commissioner of Labor and Industries, 425 Mass. 458, 463 (1998).
Moreover, in view of this Court's conclusions, I need not reach the defendants’ argument that the case has been mooted by the adjustments made after the “self-audits.”