Fremont-Smith, Thayer, J.
Upon filing, this action was removed to the United States District Court in the District Court of Massachusetts. There, Souto sought to recover unpaid wages against Sovereign Realty Associates, Ltd. (“Sovereign”) and its president, Stuart Roffman (“Roffman”), for Sovereign’s alleged violations of the Fair Labor Standards Act (“FLSA”), violations of Massachusetts General Law Chapters 149 and 151, breach of contract, fraud, and promissory estoppel. Sovereign subsequently moved for judgment on the pleadings on portions of Count I, II, III, IV, VII and moved to strike Count II of Souto’s complaint. Souto then moved to amend his complaint. The District Court allowed both of Sovereign’s motions and denied Souto’s motion. Consequently, all that remains before the Court is Souto’s claim for unpaid wages[1] under the Massachusetts Wage Act, G.L.c. 149, §148, as asserted in Count I of Souto’s complaint.[2]
BACKGROUND
The following facts, taken largely from a Memorandum issued by the United States District Court in the District Court of Massachusetts form the basis for Souto’s action. Souto worked as a maintenance repairman for Sovereign from 1994 until July 3, 2002. In 1998, Sovereign agreed, through Roffman, to sponsor Souto’s Application for Labor Certification. Thereafter, Roffman forced Souto to perform tasks beyond the duties of his job, including wearing a pager tweniy-four hours a day, seven days a week and performing Roffman’s personal chores. Roffman and other Sovereign managerial employees treated Souto poorly, called him names, and humiliated him in front of other Sovereign employees. As a result of this treatment, Souto contacted the Massachusetts Division of Employment and Training. On July 3, 2002, Sovereign terminated Souto’s employment. Souto filed this action with the Court on April 13, 2005.
DISCUSSION
Summary judgment is appropriate where there is no genuine issue of material fact and the moving parly is entitled to a judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983); Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party must affirmatively demonstrate that there is no genuine issue of material fact on each relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). A “material fact” is one that might affect the outcome of the suit under the applicable law. Mulvihill v. The Top-Flight Golf Co., 335 F.3d 15, 19 (1st Cir. 2003). “Genuine” means that the evidence would permit a reasonable fact finder to resolve the point in favor of the nonmovant. Id.
If the moving parly does not bear the burden of proof at trial, it must either: 1) submit affirmative evidence negating an essential element of the non-moving parly’s claim; or 2) demonstrate that the non-moving party’s evidence is insufficient to establish its claim. Kourovacilis v. General Motors Corp., 410 Mass. 706, 711 (1991).The non-moving parly maynot defeat the motion for summary judgment by resting merely on the allegations and denials of its pleadings, but must set forth specific facts with affidavits, deposition testimony, answers to interrogatories, or admissions on file showing that there is a genuine issue for trial. Mass.R.Civ.P. 56(e). The Court will interpret all inferences in the light most favorable to the non-moving parly. Blare v. Husky Injection Molding Sys. Boston, Inc., 419 Mass. 437, 438 (1995).
G.L.c. 149, §148, in pertinent part, provides that “every person having employees in his service shall pay weekly or bi-weekly each such employee the wages *387 earned by him to within six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week, or within seven days of the pay period during which the wages were earned if such employee is employed seven days in a calendar week.” The Massachusetts legislature enacted this statute “to limit ‘the interval between the completion of a work week and the payday on which the wages earned in that week will be paid.’ ” Parow v. Howard, 17 Mass. L. Rptr. 149, 150 (Mass.Super. 2003) [17 Mass. L. Rptr. 149] (quoting American Mutual Liab. Ins. Co. v. Comm’r of Labor & Industries, 340 Mass. 144, 145 (1959)) [11 Mass. L. Rptr. 52]. In furtherance of this purpose, the Massachusetts Legislature also enacted G.L.c. 149, §150, which authorizes an aggrieved employee to bring a civil action within three years against an employer who fails to comply with the requirements of G.L.c. 149, §148.
I.Regular Wages
Souto alleges that Sovereign represented to the Government in his Application for Labor Certification that it was paying him $15.53 per hour. It is this allegation which serves as the basis for Souto’s claim for unpaid regular wages. In its motion for summary judgment, Sovereign argues that it was Souto’s immigration attorney that made this representation to the government, and that Souto has failed to show that Sovereign agreed to or was even aware of this representation. Souto, however, has not set forth specific facts with affidavits, deposition testimony, answers to interrogatories, or admissions on file showing that Sovereign represented to the Government in his Application for Labor Certification that it was paying him $15.53 per hour. In fact, Souto demonstrates through his own deposition testimony that he understood that Sovereign would pay him $10.00 per hour and that Sovereign refused to pay him more. Accordingly, the Court ALLOWS Sovereign’s motion with regard to Souto’s claim for unpaid regular wages.
II.Overtime Wages
In addition to regular wages, Souto seeks recovery of overtime wages. Souto alleges that he worked on average 55-60 hours per week, but was never paid for more than 40 hours per week. Recognizing that the District Court dismissed as time-barred his claim for wages at the overtime premium under G.L.c. 151, §1A (which has a two-year statute of limitations), Souto claims that he is still entitled to recover his regular wages for all hours worked under G.L.c. 149, §148, for which the statute of limitations is three years. In its motion for summary judgment, Sovereign argues that G.L.c. 151, § 1A, which provides for “time and one-half’ for hours worked over forty hours per week, is the sole vehicle for recovery of overtime wages; as such, Souto is precluded from recovering overtime wages at any rate, premium or regular. To the contrary, Massachusetts courts have recognized that wages at the employee’s regular rate for time worked in excess of his normal hours are “wages” nonetheless for purposes of G.L.c. 149, §148. Parow v. Howard, 2003 WL 23163114, *3 (Mass.Super.) (allowing recovery of overtime wages under G.L.c. 149, §148); Charles v. Roads Corp., 1999 WL 1203754, *3 (Mass.Super.) (finding salary owed to employee for hours worked is an hourly wage regardless of characterization as overtime or otherwise).
Additionally, Sovereign argues in its motion for summary judgment that regardless of whether overtime wages are recoverable under G.L.c. 149, §148, Souto did not work additional hours, and that Souto’s inability to state when he actually worked overtime precludes recovery. However, Souto’s allegation that he worked on average 55-60 hours per week is supported by his own deposition testimony and an affidavit submitted by his former supervisor, Lawerence Dorsey (“Dorsey”). Thus, there is a genuine issue of material fact as to the number of hours that Souto worked. Accordingly, the Court DENIES Sovereign’s motion with regard to Souto’s claim for unpaid regular wages.
Sovereign also argues that the record conclusively establishes that Souto agreed to work for $400 per week regardless of the number of hours he actually worked. However, there is no evidence in the record that Souto agreed to work for $400 per week regardless of the number of hours he actually worked.
III.Vacation, Personal, and Sick Time
In addition to regular and overtime wages, Souto seeks to recover compensation for unused vacation, personal, and sick time. In his complaint, Souto alleged that he is owed wages for five sick days, five personal days, and four weeks of vacation per year. Sovereign argues in its motion for summary judgment that Souto’s claim for compensation for unused vacation time under G.L.c. 149, §148 is time-barred and, in the alternative, that there is no statute or regulation that requires an employer to grant his employee vacation time. It further contends that an employee has no right to bank such vacation time.
The first of these arguments is without merit, as the timeliness of Souto’s claim under G.L.c. 149, § 148 has already been determined in Souto’s favor by the Federal District Court. And while there is no Massachusetts statute or regulation that requires an employer to grant his employee vacation time, “employers who choose to provide paid vacation to their employees must treat those payments like any other wages under G.L.c. 149, §148." Office of the Attorney General, “Advisory 99/1, An Advisory from the Attorney General’s Fair Labor Practices Division on Vacation Policies” (1999) (citing Massachusetts v. Marash, 409 U.S. 107 (1989)). In Massachusetts, employers must compensate employees for vacation time earned under an oral or written agreement upon separation from employment. G.L.c. 149, §148.
*388 Souto maintains, through his own deposition testimony and Dorsey’s affidavit, that employees of Sovereign would customarily receive sick, personal, and vacation days as a benefit of their employment. Souto’s depostion testimony and Dorsey’s affidavit also form the basis for Souto’s claim that he took veiy little time off while working for Sovereign. It would seem that Sovereign is in agreement as to the existence of a vacation policy, as evidenced by the deposition testimony of both Roffman and Lee Torrey (“Torrey”), a Sovereign employee. However, there is no agreement between the parties as to the actual terms of the policy. This disagreement, together with the dispute as to how much vacation time Souto took, is sufficient to create a genuine issue of material fact. Accordingly, the Court DENIES Sovereign’s motion with regard to Souto’s claim for compensation for unused vacation time.
As to Souto’s claim for compensation for unused personal and sick time, G.L.c. 149, §148 provides only for recovery of accrued wages, vacation, and commission to be paid an employee. G.L.c. 149, §148. As such, Souto is not entitled to recover compensation for personal and sick time under this statute absent express agreement. Dickens-Berry v. Greenery Rehabilitation and Skilled Nursing Ctr., 1993 WL 818564 (Mass.Super.). Because Souto has failed to produce evidence of any such agreement, the Court ALLOWS Sovereign’s motion for summary judgment with regard to Souto’s claim for compensation for unused personal and sick time.
ORDER
After hearing and consideration of the parties’ written submissions, the Court ALLOWS Sovereign and Roffman’s motion for summary judgment as to the remaining count (Count I) with regard to Souto’s claim for regular wages and compensation for unused personal and sick time but DENIES Sovereign and Roffman’s motion for summary judgment as to the remaining count (Count I) with regard to Souto’s claim for overtime wages at his regular hourly rate and compensation for unused vacation time.

These encompass regular and overtime wages, as well as compensation for unused vacation, personal, and sick time.

The pleadings subsequent to the complaint were filed in the Federal District Court, so are not docketed in this case. The file of this case, however, does contain a copy of the summary judgment pleadings, which are referenced in this memorandum.