Murtagh, Thomas R., J.
Plaintiff Hughes Amero (“Amero") brought this action, pursuant to G.L.c. 149, §150, against defendant Townsend Oil Co. (“Townsend”) to recover damages for: (1) Townsend’s alleged misclassification of Amero as an independent contractor, (2) violations of the Massachusetts Wage Law (G.L.c. 149, §148), (3) breach of contract, (4) misrepresentation, and (5) unfair and deceptive trade practices in violation of G.L.c. 93A. The matter is currently before the court on Amero’s motion for partial summary judgment with respect to Counts I and II of his complaint, alleging violations of the Massachusetts Independent Contractor Law (G.L.c. 149, §148B) and the Massachusetts Wage Law (G.L.c. 149, §§148 and 150), and Townsend’s cross motion for partial summary judgment on the same. After a hearing and a thorough review of the record, Amero’s motion for partial summary judgment is ALLOWED and Townsend’s cross motion for partial summary judgment is DENIED.
BACKGROUND
Townsend is a Massachusetts corporation that delivers oil and oil products throughout northeastern Massachusetts. During its peak season, from around October to May, it hires additional drivers, some that it characterizes as employees, others as independent contractors. Seasonal employees are paid by the hour and receive time and a half for all hours worked per week over forty. Independent contractors, on the other hand, are paid approximately nine cents for each gallon of fuel they deliver and are also expected to provide their own trucks and insurance. If an independent contractor cannot afford his own truck, Townsend will pay for it and then deduct the cost of the truck incrementally from the settlement checks it issues to the independent contractor each week. All delivery trucks feature the Townsend company logo and drivers wear company uniforms. Both employees and independent contractors are assigned a territory and must deliver fuel oil to the customers determined by Townsend, at a price set by Townsend.
In December 2000, Amero began driving a fuel delivery truck for Townsend as an independent contractor. Under the first contract signed by Amero and Townsend, Amero agreed to deliver fuel oil during peak seasons for 2000 through 2003. Subsequently, one of Townsend’s other contract drivers informed Amero that he could lose his house if he got into an accident, unless he incorporated as a truck driving business. Thereafter, Amero incorporated as Hughes Motor Transportation Co., Inc. (“HMT’). When the first contract expired, Townsend and HMT entered into a second contract whereby HMT agreed to provide fuel oil delivery services during peak seasons for 2003 through 2008.
In January 2005, Amero was injured when he fell from a platform while refueling his truck. He sought compensation from Townsend for his medical expenses, and expenses incurred in finding a replacement driver, but did not receive any. After a meeting in November 2005, Townsend and Amero terminated *116 their contract.[3] In June 2007, Amero filed suit, alleging violations of the Massachusetts Independent Contractor Law, the Massachusetts Wage Law, breach of contract, negligence, and unfair and deceptive trade practices, among others. The issue currently before the court is whether Amero is entitled to summary judgment, finding Townsend violated the Massachusetts Independent Contractor Law by misclassifying him as an independent contractor, and consequently violated the Massachusetts Wage Law by failing to pay Amero what he would have earned had Townsend classified him as an employee.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Carey v. New England Organ Bank, 446 Mass. 270, 278 (2006). A fact is material if it would affect the outcome of the case. Id. A dispute of fact is genuine if the evidence would permit a reasonable fact-finder to return a judgment for the non-moving party. Flesner v. Technical Commc’n Corp., 410 Mass. 804, 809 (1991).
Prior to July 19, 2004, whether a worker should be classified as an employee or an independent contractor was determined by reference to the common-law multi-factor balancing test used by the IRS and many state courts. See Commonwealth v. Savage, 31 Mass.App.Ct. 714, 717 (1991). Under that test, “[w]hether a person is an employee or an independent contractor involves, in the first instance, an inquiry into the right of the supposed employer to control the work activities of the employee.” Id. More specifically, employee status turned on “whether the person who is performing services for another is under the control and supervision of the latter and is bound to obey his instructions, not only as to the result to be accomplished but also as to the means and methods that are to be utilized in the performance of the work.” Bay State Harness Racing Ass’n. v. Dir. of the Div. of Employment Sec., 327 Mass. 296, 299 (1951). In 2004, G.L.c. 149 was amended to make it more difficult for employers to classify workers as independent contractors. Under the new law, a worker would be presumed to be an employee unless the employer could prove (1) that the worker “has been and will continue to be free from control and direction in connection with the performance of such service under his contract,” (2) that “such service is performed either outside the usual course of the business for which the service is performed or is performed outside of all places of business of the enterprise,” and (3) that the worker “is ■customarily engaged in an independently established occupation, profession or business of the same nature as that involved in the service performed.” G.L.c. 149, §148B.
Amero began working for Townsend in 2000, thus the common-law test applies up to the effective date of the amendment of G.L.c. 149. Using that test, though there are some indicia that Amero was an independent contractor, such as the fact that he was paid not on an hourly basis but based on the number of gallons delivered and was responsible for furnishing and insuring his own truck, the undisputed facts clearly demonstrate Townsend’s right to control Amero’s activities. Amero had to have the truck painted with the Townsend company logo. He was required to deliver fuel oil to the customers Townsend designated on the days Townsend stipulated. Amero had no discretion regarding what price to charge Townsend’s customers. From the record, there appears to have been absolutely no difference between the duties of the drivers Townsend characterized as “employees” and those it characterized as “independent contractors.” Finally, Townsend’s contractors were anything but independent — Townsend required each of them to sign non-competition agreements precluding them from engaging in fuel oil delivery for anyone else in New England.
Under the amended statute, Amero’s status as an employee is even more easily established. Prong two of the test requires that the service rendered by the contractor be outside the usual course of business of the person for whom the service is performed. G.L.c. 149, §148B. Here, the bulk ofTownsend’s business is fuel oil delivery, and that was the service Amero provided. Prong three requires that the contractor be customarily engaged in an independently established business of the same nature as the service being provided. G.L.c. 149, §148B. Here, Amero did not provide fuel oil delivery services to anyone independent of Townsend, nor could he have given the non-competition agreement Townsend required him to sign. Therefore, under both the common-law and statutory tests, Amero was an employee of Townsend continuously from December 2000 until he ceased working for them in November 2005.
The court also notes that Amero’s incorporation of HMT, in order to limit his liability, does not automatically transform him into an independent contractor. Amero’s incorporation is certainly relevant to the issue of whether he was “customarily engaged in an independently established occupation, profession or business ...,” however, here the facts are undisputed that he was not. HMT had no control over where or to whom Amero made deliveries when he was driving for Townsend. Nothing in the record suggests that HMT was anything more than a shell corporation created by Amero so as to limit his potential liability for on-the-job accidents while also providing him with some tax savings. That Amero may have abused the corporate form, as Townsend appears to be asserting, is irrelevant. What is relevant is the clear policy preference embodied in Massachusetts law for a presumption of employment, so as to prevent unscrupulous employers from obtaining a comparative advantage by classifying their workers as independent contractors *117 and thereby avoiding the requirements of wage, overtime, and other laws. See Advisory from the Attorney General, Chapter 193 of the Acts of 2004. If incorporation alone sufficed to transform an employee into an independent contractor, many employers would require that their employees do just that, and thereby exempt themselves from the requirements of the law.
Townsend also argues that Amero could not have been entitled to overtime because he was a private motor carrier in interstate commerce subject to regulation by the Federal Department of Transportation and, therefore, according to the terms of G.L.c. 151, §1A(8), was exempted from the minimum overtime requirements of the Massachusetts Wage Law. This argument misses the point. Even assuming the truth of all of Townsend’s premises, it only follows that Amero was not entitled to statutory overtime. Townsend’s argument only establishes that it was not required to pay its drivers the minimum overtime required by the Wage Law, while failing to acknowledge that it did pay its employees overtime. The latter is the crucial fact, because Amero is not demanding statutory overtime. Rather, he is arguing, correctly, that under the Massachusetts Wage Law an employer that offers overtime pay to some of its employees may not avoid paying overtime to others simply by reclassifying them as independent contractors.
As Amero has established that he was Townsend’s employee from December 2000 until he ceased his employment relationship with Townsend in November of 2005, and his misclassification resulted in the denial of certain benefits, including overtime pay, available to other Townsend employees, Amero is entitled to summary judgment on Counts I and Count II of his complaint.
ORDER
For the aforementioned reasons, it is hereby ORDERED that Amero’s motion for partial summary judgment on Counts I and II of his complaint is ALLOWED and Townsend’s cross motion for partial summary judgment is DENIED.

 The parties dispute who actually terminated the contract, but that disputed fact is not relevant to whether Townsend violated the Massachusetts Independent Contractor Law or the Massachusetts Wage Law.