Murtagh, Thomas R., J.
Plaintiff Hughes Amero {“Amero”) brought this action, pursuant to G.L.c. 149, §150, against defendant Townsend Oil Co. (“Townsend”) to recover damages for: (1) Townsend’s alleged misclassification of Amero as an independent contractor in violation of G.L.c. 149, §148B, (2) failure to pay Amero overtime in violation of G.L.c. 149, §148, (3) breach of contract, (4) misrepresentation, and (5) unfair and deceptive trade practices in violation of G.L.c. 93A. On December 3, 2008, this judge allowed Amero’s motion for partial summary judgment with respect to Counts I and II of his complaint, and denied Townsend’s cross motion for partial summary judgment on the same [25 Mass. L. Rptr. 115). On January 12, 2009, Amero filed a motion for clarification and/or amendment of the order granting his motion for summary judgment correctly pointing out that (a) the court had misquoted portions of the current provisions of G.L.c. 149, §148B, and (b) had erroneously applied a common-law employment status test for the years 2000 to 2004. In reply, Townsend filed a cross motion for reconsideration of the order granting Amero summary judgment.
BACKGROUND
Townsend is a Massachusetts corporation that delivers oil and oil products throughout northeastern Massachusetts. During its peak season, from around October to May, it hires additional drivers, some that it characterizes as employees, others as independent contractors. Seasonal employees are paid by the hour and receive time-and-a-half for all hours worked per week over forty. Independent contractors, on the other hand, are paid approximately nine cents for each gallon of fuel they deliver and are also expected to provide their own trucks and insurance. If an independent contractor cannot afford his own truck, Townsend will pay for it and then deduct the cost of the truck incrementally from the settlement checks it issues to the independent contractor each week. All delivery trucks feature the Townsend company logo and drivers wear company uniforms. Both employees and independent contractors are assigned a territory and must deliver fuel oil to the customers determined by Townsend, at a price set by Townsend.
In December 2000, Amero began driving a fuel delivery truck for Townsend as an independent contractor. Under the first contract signed by Amero and Townsend, Amero agreed to deliver fuel oil during peak seasons for 2000 through 2003. Subsequently, one of Townsend’s other contract drivers informed Amero that he could lose his house if he got into an accident, unless he incorporated as a truck driving business. Thereafter, Amero incorporated as Hughes Motor Transportation Co., Inc. (“HMTj. When the first contract expired, Townsend and HMT entered into a second contract whereby HMT agreed to provide fuel oil delivery services during peak seasons for 2003 through 2008.
In January 2005, Amero was injured when he fell from a platform while refueling his truck. He sought compensation from Townsend for his medical expenses, and expenses incurred in finding a replacement driver, but did not receive any. After a meeting in November 2005, Townsend and Amero terminated their contract. In June 2007, Amero filed suit, alleging violations of the sections 148 and 148B of the Massachusetts Wage Act, G.L.c. 149, §1 etseq. (“Wage Act”), breach of contract, negligence, and unfair and deceptive trade practices, among others. The court (Murtagh, J.) initially granted Amero summary judgment, finding Townsend violated G.L.c. 149, §148B by misclassifying him as an independent contractor, and G.L.c. 149, §148 by failing to pay Amero overtime [25 Mass. L. Rptr. 115). The court now clarifies and reconsiders its rulings on those issues.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Carey v. New England Organ Bank, 446 Mass. 270, 278 (2006). A fact is material if it would affect the outcome of the case. Id. A dispute of fact is genuine if the evidence would permit a reasonable fact finder to return a judgment for the non-moving party. Flesner v. Technical Commc’n Corp., 410 Mass. 804, 809 (1991).
Count I: Misclassification in Violation of G.L.c. 149, §148B
General Laws, Chapter 149, § 148B supplies the test in Massachusetts for determining whether an individual is an employee or an independent contractor. Prior to July 19, 2004, the statute provided:
For the purposes of this chapter, individuals performing any service, except as authorized under this chapter, shall be deemed to be employees under this section unless it is shown that: such individual has been and will continue to be free from
[Missing text. See Editor’s Footnote. ]
*113 New England.[3]
Under the pre-2004 version of prong two, the employer must show either that the individual is performing the service outside the scope of the employer’s normal course of business or is performing the service outside of all places of business of the enterprise. The latter applies here, since most of Amero’s work was done outside of Townsend’s place of business. However, under the amended version, the inquiry is concerned solely with whether the service performed was outside the scope of the employer’s normal course of business. G.L.c. 149, §148B(a)(2). Here, the bulk of Townsend’s business is fuel oil delivery, and that was the service Amero provided, both before and after 2004. Since Townsend has failed to establish the other prongs of the test, the fact that it satisfied the pre-2004 version of prong two does not make Amero an independent contractor for that time period.
Under both versions of the statute, prong three requires that the contractor be customarily engaged in an independently established business of the same nature as the service being provided. G.L.c. 149, §148B.[4] Here, Amero did not provide fuel oil delivery services to anyone independent of Townsend, nor could he have given the non-competition agreement Townsend required him to sign. Therefore, under both the original and amended versions of the statute, Amero was an employee of Townsend continuously from December 2000 until he ceased working for them in November 2005.
Based on the above analysis, Amero’s status as an employee is established as a. matter of law. Nevertheless, Townsend argues that Amero is not entitled to summary judgment on Count I because he has not proven damages. This argument is without merit. Amero has alleged with specificity numerous forms of damages that have resulted from his misclassiflcation, including the difference between his pay and the wages and overtime earned by Townsend’s “employees” who worked the same hours, workers’ compensation benefits, and money spent on expenses like insurance or the cost of his truck, that he might not have borne otherwise. At his trial, he will be entitled to offer evidence as to the exact amounts of those damages.
Townsend contends that misclassiflcation of an employee as an independent contractor is not enough to trigger liability under G.L.c. 149, §148B, because subsection (d) of section 148B provides “[wjhoever fails to properly classify an individual as an employee according to this section and in so doing fails to comply, in any respect, with chapter 149, or section 1, 1A, IB, 2B, 15 or 19 of chapter 151, or chapter 62B, shall be punished and shall be subject to all of the criminal and civil remedies, including debarment, as provided in section 27C of this chapter” (emphasis added). Thus, Townsend reads Section 148B as requiring that an employer both misclassify an employee and thereby violate an additional provision of the Wage Act before an employee can sue for damages under section 148B.
Amero contends that subsection (d), which speaks of punishment, merely provides the authorization to the Attorney General to take enforcement action against employers who violate section 148B by mis-classifying their employees as independent contractors. Amero argues that his right to bring suit comes from chapter 149, section 150, which provides:
An employee claiming to be aggrieved by a violation of sections 33E, 148, 148A, 148B, 150C, 152, 152A or 159C or section 19 of chapter 151 may, 90 days after the filing of a complaint with the attorney general, or sooner if the attorney general assents in writing, and within 3 years after the violation, institute and prosecute in his own name and on his own behalf, or for himself or for others similarly situated, a civil action for injunctive relief, for any damages incurred, and for any lost wages or other benefits.
Thus, because section 150 does not appear to require a concomitant violation of any other provision of the Wage.Act, Amero argues he is entitled to bring suit for a violation of section 148B by itself. This court agrees. The two sections must be read in light of one another. If subsection (d) of section 148B provided the exclusive remedy for violations of section 148B, then section 150 is superfluous to the extent it includes section 148B among the sections the violation of which gives rise to a private cause of action for employees. It is “a basic tenet of statutory construction that a statute must be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous.” Bankers Life and Casualty Co. v. Commissioner of Ins., 427 Mass. 136, 140 (1998) (internal citations omitted). Therefore, Amero is entitled to summary judgment on Count I of his complaint.
Count II: Failure to Pay Wages in Violation of G.L.c. 149, §148
Amero argues that Townsend violated section 148 of the Wage Act by failing to pay him overtime. Townsend contends that Amero could not have been entitled to overtime because he was a private motor carrier in interstate commerce subject to regulation by the Federal Department of Transportation and, therefore, according to the terms of G.L.c. 151, §1A(8), was exempted from the minimum overtime requirements of the Wage Act. Amero does not dispute that he is exempt from statutory overtime under G.L.c. 151, §1A(8), but argues that since he was an employee, he was entitled to the same “wages” that were paid to all other employees of Townsend during the period of his employment.
Whether an employee who is exempted from statutory overtime requirements under G.L.c. 151, §1A is nevertheless entitled to maintain an action for unpaid *114 overtime under G.L.c. 149, §148 appears to be an issue of first impression. Several Superior Court cases have dealt with similar issues. In Souto v. Sovereign Realty Associates, No. 05-1281 (Ma.Super. Dec. 14, 2007) [23 Mass. L. Rptr. 386], the court held that where an employee’s claim for overtime was barred by the statute of limitations under chapter 151, §1A, that employee could nevertheless assert a claim for unpaid overtime under chapter 149, §148. In so holding, the court declared that “wages at the employee’s regular rate for time worked in excess of his normal hours are ‘wages’nonetheless for purposes of G.L.c. 149, §148.” Id. (emphasis added). In Parow v. Howard, No. 02-1403A (Ma.Super. Nov. 12, 2003) [17 Mass. L. Rptr. 149], the plaintiff firefighters were allowed to bring suit under G.L.c. 149, §148 to collect unpaid overtime due to them under G.L.c. 48, §58C, which provides statutory overtime for firefighters.
Unlike the plaintiff in Souto, Amero was paid by the volume of fuel oil delivered, and there is no allegation that Amero was not compensated for the deliveries he made that required him to work more than foriy hours per week. Since section 148 permits “wages” to be paid on an hourly basis, as a salary, or as commissions, Amero has not established that he was not paid “wages” for his work. Indeed, Amero appears to concede that he was always paid at his regular rate even when he worked more than foriy hours a week. Instead of clarifying what constitutes “overtime” compensation for an employee working on commission, Amero seems to be asking the court to go back and calculate what he would have earned if he had been working for an hourly wage, plus time-and-a-half for overtime, evaluate whether that would have been more than what he earned when he was paid per gallon of fuel oil delivered, and award him the difference as his lost wages and overtime. But these are the damages he claims as a result of his misclassification, and which he is entitled to prove at trial. They are not, however, a basis for asserting a claim under section 148, which is primarily concerned with the timely and regular payment of wages. Amero can seek these amounts as damages resulting directly from his misclassification, but since he has not alleged that Townsend failed to pay any commissions owed to him, he has no claim for unpaid “wages” under G.L.c. 149, §148. Therefore, Townsend is entitled to summary judgment on Count II of Amero’s complaint.
ORDER
For the foregoing reasons, Amero’s motion for partial summary judgment is ALLOWED with respect to Count I of Amero’s complaint, but DENIED with respect to Count II.
Townsend’s motion for partial summary judgment is DENIED with respect to Count I of Amero’s complaint, but ALLOWED with respect to Count II.
Townsend’s motion for report of this order to the Appeals Court is DENIED.

Compare with College News Service v. Dep’t of Industrial Accidents, No. 04-4559-A (Ma.Super. Sept. 14, 2006) [21 Mass. L. Rptr. 464] (newspaper deliverers were independent contractors where they did not wear uniforms, did not drive company cars, were free to make deliveries in whatever order they chose, and were not permitted to display employer’s logo), and Athol Daily News v. Board of Review of the Div. of Employment and Training, 439 Mass. 171 (2003) (reaching same result on similar facts).

Townsend insists that Amero’s decision to incorporate precludes him from enjoying the benefits of the Wage Act. While the court finds Amero’s incorporation a relevant consideration in determining whether he in fact operated his own fuel oil delivery business independently of Townsend, the rest of the record makes clear that Amero did not engage in such a business. While Townsend argues that Amero should not be allowed to disavow the corporate form after enjoying its advantages, Townsend offers no authority for the proposition that employees who incorporate are exempt from the protections of the Wage Act. Indeed, not only does Townsend’s argument ignore economic reality, but if it were to carry the day, any employer who wanted to avoid the requirements of the Wage Act would simply require its employees to incorporate as a condition of employment.